UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN MONTGOMERY, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| VAALCO ENERGY, INC., ANDREW L. FAWTHROP, GEORGE W.M. MAXWELL, CATHY STUBBS, and FABRICE NZE-BEKALE, | COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934 |
| Defendants. | JURY TRIAL DEMAND |

Plaintiff Sean Montgomery ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action against VAALCO Energy, Inc. ("VAALCO" or the "Company") and VAALCO's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to merge the Company with TransGlobe Energy Corporation ("TransGlobe").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on August 30, 2022. The Proxy recommends that VAALCO stockholders vote in favor of a proposed transaction (the "Proposed Transaction") and share issuance (the "Share Issuance") whereby VAALCO will issue approximately 49.3 million additional shares of VAALCO common stock and merge with TransGlobe. The Proposed Transaction was first disclosed on July 14, 2022, when VAALCO and

1

TransGlobe announced that they had entered into a definitive Arrangement Agreement (the "Merger Agreement") pursuant to which TransGlobe stockholders will receive 0.6727 of a share of VAALCO common stock for each TransGlobe common share, subject to adjustment (the "Merger Consideration"). The deal is valued at approximately $307 million and is expected to close in the second half of 2022.

3.      The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by VAALCO management, as well as the financial analyses conducted by Stifel, Nicolaus & Company, Incorporated ("Stifel"), VAALCO's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Share Issuance and/or the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to VAALCO's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to VAALCO's stockholders. In the event the Share Issuance and/or the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of VAALCO.

6.      Defendant VAALCO is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 9800 Richmond

Avenue, Suite 700, Houston, Texas 77042. VAALCO common stock trades on the NYSE under the ticker symbol "EGY."

7. Defendant George W.M. Maxwell has been Chief Executive Officer and a director of the Company since 2020.

8. Defendant Andrew L. Fawthrop has been a director of the Company since 2014.

9. Defendant Cathy Stubbs has been a director of the Company since 2020.

10. Defendant Fabrice Nze-Bekale has been a director of the Company since January 28, 2022.

11. The Defendants listed in paragraphs 7-10 are collectively referred to as the "Individual Defendants" or the "Board."

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

13. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

14. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A.  Background of the Company and the Proposed Transaction

15.     VAALCO, an independent energy company headquartered in Houston, Texas, is engaged in the acquisition, exploration, development and production of crude oil. Its primary source of revenue has been from the Etame PSC related to the Etame Marin block located offshore Gabon in West Africa. It also currently owns an interest in an undeveloped block offshore Equatorial Guinea, West Africa.

16.     On July 13, 2022, the Company entered into the Merger Agreement with TransGlobe.

17.     According to the press release issued on July 14, 2022, announcing the Proposed Transaction:

### BUSINESS COMBINATION OF VAALCO AND TRANSGLOBE

### CREATING A DIVERSIFIED AFRICAN-FOCUSED E&P BUSINESS SUPPORTING SUSTAINABLE GROWTH AND STOCKHOLDER RETURNS

HOUSTON, TEXAS and CALGARY, ALBERTA, July 14, 2022 -- VAALCO Energy, Inc. (NYSE: EGY; LSE: EGY) ("VAALCO") and TransGlobe Energy Corporation (TSX: TGL; NASDAQ: TGA; AIM: TGL) ("TransGlobe") (VAALCO and TransGlobe together, the "Combined Company") announced today that they have entered into a definitive arrangement agreement (the "Arrangement Agreement") pursuant to which VAALCO will acquire all of the outstanding common shares of TransGlobe in a stock-for-stock strategic business combination transaction valued at US$307 million (the "Transaction"). Under the terms of the Arrangement Agreement, VAALCO will acquire each TransGlobe share for 0.6727 of a VAALCO share of common stock, which represents a 24.9 percent premium per TransGlobe common share based on the companies' respective 30-day volume weighted average share prices as of market close on July 13, 2022. The Transaction will result in VAALCO stockholders owning approximately 54.5 percent and TransGlobe shareholders owning approximately 45.5 percent of the Combined Company.

**Strategic Rationale for the Transaction**

The combination of VAALCO and TransGlobe will create a world-class African-

focused E&P Company supporting sustainable growth and stockholder returns, and provide a host of benefits to the Combined Company's stockholders and other stakeholders:

- The Transaction will bring together two complementary businesses, creating an operated, full-cycle portfolio of low-risk, high return assets under a production and development-oriented business model:

  - Assets located in prolific and established basins in Egypt, Gabon, Equatorial Guinea and Canada, with significant future growth potential;

  - Combination of two highly capable subsurface / technical, operational and business development teams enabling the pooling of operational best practices, skills and technology across the combined portfolio; and

  - A highly experienced management team with an established and multi-decade track record of value creation in the Combined Company's areas of operation;

- The Combined Company will have a larger, and more diversified reserves and production base, enhancing risk management, increasing portfolio optionality to high-grade and sequence investment projects towards the highest-return projects, as well as increasing access to a broader set of capital sources relative to each company on a standalone basis. The management of VAALCO and TransGlobe estimate:

  - Combined 2022 mid-point production guidance of 19,100 barrels of oil equivalent per day ("boepd") on a net revenue interest ("NRI") (96 percent oil & liquids) basis across Egypt, Gabon and Canada and 24,400 boepd on a working interest ("WI") basis;

  - Combined proved (1P) reserves on an NRI basis of 32 million barrels of oil equivalent ("MMboe") (92 percent oil) and 41 MMboe on a WI basis (92 percent oil) (as at January 1, 2022 in the case of VAALCO and as at December 31, 2021 in the case of TransGlobe)(2); and

  - Combined proved plus probable (2P) reserves on an NRI basis of 51 MMboe (90 percent oil) and 66 MMboe (91 percent oil) on a WI basis (as at January 1, 2022 in the case of VAALCO and as at December 31, 2021 in the case of TransGlobe)(2);

- The Combined Company will be in a net cash position, with US$53 million in combined net cash as of March 31, 2022 (prior to the receipt of US$44.6

million in April 2022 from VAALCO's March 2022 lifting), and have operational free cash flows to underpin sustainable stockholder returns and growth while maintaining sufficient liquidity and a continued robust balance sheet;

- The Combined Company will reinforce VAALCO's and TransGlobe's existing commitment to financial discipline and stockholder returns, with a target annualized dividend of US$28 million, an annualized target of approximately 25 cents per share (with payments to be made quarterly), and with a focus on further enhancing stockholder distributions through returning excess cash via share buybacks and/or dividends;

- The Combined Company will have an attractive inventory of organic growth projects across the portfolio in all regions, and will be more favorably positioned to self-fund, optimize and generate value from these projects on account of the Combined Company's superior operational and technical capabilities and financial resources, relative to each of VAALCO and TransGlobe on an individual basis;

- In addition, with increased scale and broader geographical operations, it is expected that the Combined Company will be well positioned to benefit from additional targeted inorganic growth in Africa, with reference to strict strategic, financial and operational criteria;

- Stockholders in the Combined Company should benefit from a more liquid investment, with an increased number of shares traded on the NYSE and LSE, a combined stockholder profile and increased visibility in the public capital markets, building on the strong equity performance of each of VAALCO and TransGlobe in recent years; and

- The Boards of Directors of both companies have unanimously approved the Transaction.

*      *      *

**Transaction Terms**

- VAALCO to acquire, through an indirect wholly-owned subsidiary, each TransGlobe share for 0.6727 of a VAALCO share;

- Implied TransGlobe equity value of US$307 million (with premium), and enterprise value of US$273 million assuming cash of US$37 million and debt of US$3 million as of March 31, 2022;

- A 24.9 percent premium per TransGlobe share based on VAALCO's and TransGlobe's respective 30-day volume weighted average share prices as

6

of July 13, 2022;

- VAALCO stockholders and TransGlobe shareholders will own approximately 54.5 percent and 45.5 percent of the Combined Company, respectively;

- The Transaction will be implemented by way of a court-approved plan of arrangement under the Business Corporations Act (Alberta);

- The Transaction requires approval by at least 66 2/3% of the votes cast by the holders of TransGlobe shares present in person or represented by proxy at a special meeting of the holders of the TransGlobe shares to be called to consider the Transaction;

- The issuance of the VAALCO shares pursuant to the Transaction requires approval by the holders of a majority of shares of VAALCO common stock who, being present or voting by proxy and entitled to vote at the VAALCO stockholders meeting, cast votes affirmatively or negatively on the VAALCO share issuance resolution. VAALCO will also propose to amend its certificate of incorporation to increase the size of its authorized share capital in order to issue the VAALCO shares. Approval of this proposed amendment will be required by the holders of a majority of the outstanding shares of VAALCO common stock entitled to vote at the VAALCO stockholders meeting;

- The Arrangement Agreement provides for customary deal protection provisions, including reciprocal non-solicitation covenants and rights to match superior proposals;

- The Arrangement Agreement provides for mutual termination fees of US$9.15 million in the event the Transaction is terminated by either party in certain circumstances; and

- Each of VAALCO's and TransGlobe's directors and certain members of the executive leadership team have entered into voting support agreements agreeing to vote their shares or stock in favor of the Transaction.

**Path to Completion**

The Boards of Directors of both companies have unanimously approved the Transaction.

The Transaction is expected to close in the second half of 2022. Closing of the Transaction is subject to approval by the stockholders of VAALCO and the shareholders of TransGlobe, the approval of the Court of Queen's Bench of Alberta, approval for listing of the VAALCO shares to be issued on the applicable stock

exchanges and other customary closing conditions.

It is anticipated that both the TransGlobe shareholder and VAALCO stockholder meetings will take place in the second half of 2022.

**B.  The Materially Incomplete and Misleading Proxy**

18.     On August 30, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Share Issuance and the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Share Issuance or the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

19.     The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Stifel's fairness opinion, Stifel reviewed "internal financial analyses, financial projections, reports and other information concerning VAALCO and TransGlobe prepared by the management of VAALCO and TransGlobe, respectively." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that VAALCO's management provided to the Board and Stifel.

20.     Notably, Defendants failed to disclose the "projected future after-tax cash flows that VAALCO expected to generate from its proved reserves ("Low Case") and proved and probable reserves ("Base Case" and "High Case," with the latter reflecting a risked upside to the proved and probable reserves)" – which were applied by Stifel in the *Discounted Cash Flow Analysis* of the Company.

21.     The Proxy also fails to disclose the projected future after-tax cash flows that TransGlobe expected to generate from its proved reserves and proved and probable reserves, for each of the Low Case, Base Case and High Case – which were applied by Stifel in the *Discounted Cash Flow Analysis* of TransGlobe.

### Materially Incomplete and Misleading Disclosures Concerning Stifel's Financial Analyses

22.     With respect to the *Discounted Cash Flow Analysis* of VAALCO*,* the Proxy fails to disclose: (a) the net-entitlement cash flows (after accounting for the effect of asset specific fiscal regimes) generated by the Company's proved reserves, proved and probable reserves, or a risked upside case of the proved and probable reserves for each of the following: (i) Low Case, (ii) Base Case and (iii) High Case; (b) the Company's net cash; (c) its working capital used by Stifel; (d) the key data, inputs, and assumptions underlying the range of discount rates applied by Stifel; and (e) the Company's outstanding shares on a fully-diluted basis.

23.     Similarly, with respect to the *Discounted Cash Flow Analysis* of TransGlobe performed by Stifel, the Proxy Statement fails to disclose: (a) the net-entitlement cash flows (after accounting for the effect of asset specific fiscal regimes) generated by TransGlobe's proved reserves, proved and probable reserves, or a risked upside case of the proved and probable reserves, for each of the (i) Low Case, (ii) Base Case and (iii) High Case; (b) the quantity of the back-dated entitlement payments receivable from Egyptian General Petroleum Corporation; (c) TransGlobe's net cash; (d) the net proceeds of the impending sale of its Canadian Viking assets; (e) TransGlobe's working capital used by Stifel; (f) the sum of TransGlobe's corporate taxes and liabilities with respect to its cash settled securities; (g) the key data, inputs, and assumptions forming the basis of the range of discount rates applied by Stifel; and (h) TransGlobe's common shares outstanding.

24.     With respect to the *Selected Public Companies Analysis* of VAALCO, the Proxy fails to disclose the specific financial multiples and metrics for each of the selected companies. The Proxy also fails to disclose VAALCO's projected EBITDA for (i) 2022, (ii) the twelve months following May 31, 2022, and (iii) 2023, based on the Base Case and the proved and probable reserves production profile provided by VAALCO management.

25.     Similarly, with respect to the *Selected Public Companies Analysis* of TransGlobe performed by Stifel, the Proxy fails to disclose the specific financial multiples and metrics for each of the selected companies. In addition, the Proxy fails to disclose TransGlobe's projected EBITDA for (i) 2022, (ii) the twelve months following May 31, 2022, and (iii) 2023, based on the Base Case and the proved and probable reserves production profile provided by TransGlobe management and adjusted by VAALCO management.

26.     With respect to the *Selected Precedent Transactions Analysis* of TransGlobe performed by Stifel, the Proxy fails to disclose: (a) the specific financial multiples and metrics for each of the selected transactions; (b) TransGlobe's estimated proved and probable reserves; (c) TransGlobe's projected EBITDA for the twelve months following May 31, 2022; and (d) TransGlobe's estimated average daily production for fiscal year 2022.

27.     With respect to the *Analyst Price Target Analysis,* the Proxy fails to disclose the specific price targets analyzed by Stifel and the sources thereof.

28.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Share Issuance and/or the Proposed Transaction

and faces irreparable harm, warranting the injunctive relief sought herein.

29.     In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Share Issuance and the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

30.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

31.     Further, the Proxy indicates that on July 13, 2022, Stifel reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to VAALCO stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Stifel's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

32.     Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

33.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.     Defendants have filed the Proxy with the SEC with the intention of soliciting VAALCO stockholder support for the Share Issuance and the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

35.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of VAALCO, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

36.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

37.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of VAALCO shares and the financial analyses performed by Stifel in support of its fairness opinion.

38.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Share Issuance and the Proposed Transaction; indeed, the Proxy states that Stifel

reviewed and discussed its financial analyses with the Board during various meetings including on

July 13, 2022, and further states that the Board considered Stifel's financial analyses and fairness

opinion in connection with approving the Share Issuance and the Proposed Transaction. The

Individual Defendants knew or should have known that the material information identified above

has been omitted from the Proxy, rendering the sections of the Proxy identified above to be

materially incomplete and misleading.

39.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who

will be deprived of his right to cast an informed vote if such misrepresentations and omissions are

not corrected prior to the vote on the Share Issuance and the Proposed Transaction. Plaintiff has

no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff

be fully protected from the immediate and irreparable injury that Defendants' actions threaten to

inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

40.     Plaintiff incorporates each and every allegation set forth above as if fully set forth

herein.

41.     The Individual Defendants acted as controlling persons of VAALCO within the

meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of VAALCO and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the incomplete and misleading statements contained in

the Proxy filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of the Company, including the content and

dissemination of the various statements that Plaintiff contends are materially incomplete and

misleading.

42.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Share Issuance and the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Share Issuance and the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

44.    In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

45.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these

Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to VAALCO stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Share Issuance and/or the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 16, 2022

**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*